MARTHA HAMPTON, PLAINTIFF-APPELLANT v. HAMPTON HOLDING COMPANY, *ET ALS.*, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 24, 1954—Decided June 8, 1954.

Before Judges CLAPP, SMALLEY and SCHETTINO.

*Mr. John P. Holly* argued the cause for plaintiff-appellant.

*Mr. Herman E. Dultz* argued the cause for defendants-respondents (*Mr. Samuel H. Nelson,* of counsel).

The opinion of the court was delivered by
SCHETTINO, J. S. C. (temporarily assigned). Plaintiff and defendants appeal and cross-appeal from a judgment of the Superior Court, Chancery Division.

The complaint is in four counts. Counts 1 and 3 related to property located on Norfolk Street and counts 2 and 4

related to property located on Tuxedo Parkway—both in Newark. In the first count plaintiff, a widow, alleges that her decedent husband and his sons by a prior marirage fraudulently conspired to defraud her of her dower rights in a piece of property located on Norfolk Street, Newark. In the third count, substantially the same as the first count, plaintiff additionally alleges that she entered into the marriage in reliance on decedent's representation before marriage that he was the owner of the Norfolk Street property. In the second count plaintiff alleges that in 1942 she was under duress, coercion and mentally disturbed and that the consideration of $1,750 for the release of her dower rights in and for the conveyance of her interests in decedent's home, 9 Tuxedo Parkway, Newark was inadequate. In the fourth count plaintiff alleges that the Tuxedo Parkway property was held by defendant corporation to the use of the decedent; that decedent had an estate of inheritance and that, therefore, plaintiff was entitled to dower.

The trial court dismissed the first and third counts at the end of plaintiff's case on the ground that plaintiff had failed to sustain her burden of proof of establishing fraud. The court dismissed the second count at the end of the case and rendered a judgment for plaintiff of dower on the fourth count.

Plaintiff appeals from the dismissal of the first and third counts; defendants appeal from that part of the judgment awarding dower on the fourth count.

Plaintiff and decedent met in 1936 while plaintiff was an officer in the Salvation Army stationed in Newark, New Jersey. Decedent was a prosperous businessman engaged in the roofing business in Newark. Plaintiff during 1936 was transferred to Portland, Maine, and returned to Newark in the early part of 1939. Plaintiff testified that during this period she made frequent trips to Newark and on numerous occasions decedent conducted her to the real property owned by him on Norfolk Street which was rented in part to various tenants and in part was used by decedent in his roofing business. Plaintiff and decedent were engaged on

April 13, 1939 and were married on June 15, 1939. At that time plaintiff was 36 years old and decedent was 66 years.

On April 26, 1939 decedent formed the defendant corporation and had 20 shares of stock issued to himself and 20 shares to each of his two sons, the individual defendants. On June 7, 1939 decedent conveyed the Norfolk Street property to the defendant corporation. Decedent and his sons entered into an agreement under which decedent was to be employed as general manager of the corporation at a salary of at least $50 per week and decedent was to receive all profits of the corporation during his lifetime irrespective of whether or not he devoted all his time to the corporation.

Plaintiff and decedent resided in the Tuxedo Parkway property from date of marriage until marital difficulties arose. These difficulties resulted in a separation agreement on May 18, 1942. The agreement provided for payment in lieu of future support of $3,250; for release of her dower rights in the "only one piece of real estate * * * located at 9 Tuxedo Parkway, Newark, New Jersey" owned by decedent for $1,750. Concurrently she executed and acknowledged a release of her dower in the Tuxedo Parkway property and executed and acknowledged together with her husband a deed of the property to decedent's son, Charles Hampton, defendant. Plaintiff was represented by independent counsel.

The deed was retained by decedent and recorded in 1946 just prior to the recording of a deed from Charles and his wife to the defendant corporation. No consideration was received by Charles or his wife. The deed to the corporation contained provisions that the premises were conveyed subject to a life estate in favor of decedent and that the grantee corporation pay decedent $10,000 in yearly installments of $1,000.

Plaintiff and decedent lived apart for about 8½ years until December 1950 when they resumed cohabitation until decedent died in May 1952. This action was instituted thereafter.

## I

■ With reference to the Norfolk Street property, plaintiff testified that she first knew of it when she visited it on numerous occasions before her marriage; that she relied upon decedent's premarital representations that he was the owner in consenting to the marriage. She testified that she found out he did not have title to it some time in late 1951; that she thereafter consulted with counsel but took no action because of her husband's illness in early 1952, and that her husband died before she could start any action.

We are not impressed with her testimony. The separation agreement of May 18, 1942 specifically referred to decedent's ownership of "only one" property, namely, 9 Tuxedo Parkway; she read the agreement and she had eminent counsel advise her. It is our conclusion that she knew what she was executing and knew the full import of all the papers.

If plaintiff did not believe the statement that decedent owned only the Tuxedo Parkway property, she should have acted with reasonable promptitude to establish her rights. Plaintiff did nothing for more than ten years. Her inexcusable delay operates as an estoppel against the present assertion of an alleged right and her laxity justified the conclusion that, if she knew the alleged untruthfulness of decedent's statement, she acquiesced. Plaintiff is indisputably guilty of laches.

The trial court's action on the Norfolk Street property is affirmed on the ground of laches.

## II

■ With reference to the cross-appeal affecting the Tuxedo Parkway property, the judgment recites in part that the defendant corporation held it to the use of decedent at the time of his death and that plaintiff was therefore entitled to dower within the contemplation of *R. S.* 3:37–1. That statute is now *N. J. S.* 3A:35–1 and states:

"The widow, whether alien or not, of a person dying intestate or otherwise, shall be endowed, for the term of her natural life, of the 1 full and equal half part of all real estate whereof her husband, *or another to his use,* was seized of an estate of inheritance at any time during coverture, to which she shall not have relinquished or released her right of dower by deed duly executed and acknowledged in the manner provided by law for deeds to be recorded." (Italics added.)

The trial court specifically found no duress and found no gross inadequacy of consideration paid for the inchoate right of dower under the agreement of May 18, 1942.

Plaintiff claims that prior to the enactment of *N. J. S. A.* 37:2–18.1, effective August 8, 1953, husband and wife could not release curtesy and dower directly to the other spouse, citing *Ireland v. Ireland,* 43 *N. J. Eq.* 311 (*Ch.* 1888). As we read the *Ireland* case, the widow filed an action for dower, against which was interposed a separation agreement executed by plaintiff recognizing her husband's rights to all the property. The Chancellor ruled that the agreement did not bar the wife's dower since it did not show she knowingly and understandingly yielded her inchoate right of dower or that she did so for adequate consideration. He further found that dower as such was not mentioned in the agreement; found no consideration for giving up dower; weighed the equities, and refused to permit the agreement to be a bar to the claim for dower. We feel that had the contract been fairly obtained, the consideration adequate and the bargain equitable, the Chancellor would have enforced the agreement.

We disagree with plaintiff's contention that prior to *N. J. S. A.* 37:2–18.1 a spouse could not release curtesy or dower to the other spouse. We hold that *R. S.* 37:2–17 supported the release of May 18, 1942. It states:

"Any married woman may execute and deliver any instrument relating to or affecting her estate, interest or right in her real property or in that of her husband, with the same effect as if she were unmarried, and any such instrument shall be valid without the joinder therein or consent thereto of her husband; but no conveyance, deed, contract or act of such married woman shall affect any estate, interest or right of her husband in such property."

See also *Clapp, Wills and Administration* (*7 New Jersey Practice*), sec 829.

The release of dower was fully understood by plaintiff, was executed in statutory form, and effectively conveyed plaintiff's interest in 9 Tuxedo Parkway. Judgment on the cross-appeal is reversed.

The judgment appealed from is affirmed in part and reversed in part but without costs.